**Hufford W. RIFE, Petitioner/Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent/Appellee.**

No. 94–62.

United States Court of Veterans Appeals.

May 19, 1994.

Supplemental Order May 26, 1994.

Before KRAMER,* HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On April 13, 1994, the Court, in a single-judge * order, denied petitioner/appellant's writ of mandamus, and, inter alia, (1) recalled the judgment and mandate entered subsequent to the issuance of the decision of December 30, 1992, in *Rife v. Principi,* 4 Vet. App. 128 (Vet.App.), (2) amended the decision to include, inter alia, the imposition of a deadline on the BVA with respect to its rendering a final adjudication, and the retention of jurisdiction by the Court, and (3) reentered judgment on the date of the order. On April 28, 1994, the Secretary moved to vacate the Court's April 13, 1994, order and also moved for panel review pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure.

On consideration of the foregoing, it is by the single judge

ORDERED that, because the Secretary's motion raises important issues regarding the Court's jurisdiction, the Court, sua sponte, revokes the April 13, 1994, order and refers the matter to a panel of the Court. It is by the panel

ORDERED that the Secretary's motion for panel review under Rule 35(b) of this Court's Rules of Practice and Procedure of the Court's April 13, 1994, order is denied as moot. It is by the panel further

ORDERED that the Secretary, within 30 days after the date of this order, file and serve on appellant a brief addressing the following issues:

(1) The Court's power to impose timetables or deadlines on VA actions ordered on remand.

(2) Where the Court has not retained jurisdiction, the Court's power to recall judgment and/or mandate, modify or reissue the previous decision or order underlying such judgment and/or mandate, including the retention of jurisdiction, and to reenter judgment accordingly.

It is by the panel further

ORDERED that appellant may file a brief within 30 days after service of the Secretary's brief. The Court invites any interested amicus curiae to file a brief within the same period of time.

**ORDER**

May 26, 1994

On May 19, 1994, the Court issued an order for briefing of certain issues in this case. In addition to those issues, the Court adds the following:

(3) If the Court has the power to impose a timetable or deadline for adjudication on remand, the criteria that should govern the exercise of that power.

(4) The procedure followed by the Board of Veterans' Appeals (BVA) upon receiving a case remanded by the Court, (a) as to the process and timeframe (i) for the BVA to act on the remand, expecially in relation to other cases pending BVA review, and (ii) for a regional office (RO) to act on any case remanded to it by the BVA, especially in relation to other cases pending adjudication at that RO, and (b) as to the BVA's imposing any timetable or

deadline for RO action, and the criteria that govern the BVA's imposition of any such timetable or deadline.

On consideration of the foregoing, it is

ORDERED that the Secretary's brief (and the brief of any interested amicus curiae) is due not later than 30 days after the date of this order.